IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ROBERT A. LOTT, INDIVIDUALLY, AND VICKI R. LOTT, INDIVIDUALLY, § § § | | |
| *Plaintiffs*, § § | Civil Action No. 9:05-CV-233 | |
| v. § § | JUDGE RON CLARK | |
| DUTCHMEN MANUFACTURING, INC., FORD MOTOR COMPANY, AND AL MEYER FORD, INC., § § § § | | |
| *Defendants*. | | |

**ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION AND
RELIEF FROM JUDGMENT**

Before the court is Plaintiffs' Motion for Reconsideration and Relief from Judgment [Doc. # 52]. On March 13, 2006, this court denied Plaintiffs' Motion to Remand and entered a final judgment dismissing the only non-diverse Defendant, Al Meyer Ford, Inc. Plaintiffs ask this court to grant them relief from this judgment under Fed. R. Civ. P. 60 and to reconsider the previous ruling. Plaintiffs argue that the ruling was based on a misunderstanding by the court regarding the scope of their claim that the subject vehicle was sold without a sway control device. Because Plaintiffs do not present any grounds for relief under Rule 60, and all of Plaintiffs' evidence and arguments could have been raised previously, the court concludes that Plaintiffs' motion should be denied.[1]

---

[1] For a detailed procedural and factual background of this case, see this court's Order On Plaintiffs' Motion to Remand [Doc. # 47].

## DISCUSSION

Relief under Rule 60(b) is considered an extraordinary remedy. *See Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998). "[T]he desire for a judicial process that is predictable mandates caution in reopening judgments." *Id.* (citations and quotations omitted). Fed. R. Civ. P. 60(b) gives six grounds upon which relief from a judgment may be granted. Plaintiffs state that the motion is brought under Rule 60, but they do not cite any provisions of Rule 60.[2] There is no argument from Plaintiffs regarding any of the grounds listed in Rule 60(b)(1)-(5). Specifically, Plaintiffs have not alleged any type of mistake or excusable neglect in not presenting evidentiary documents, nor have they alleged fraud or that there is newly discovered evidence which by due diligence could not have been discovered in time to present it. The court concludes that Plaintiffs' motion, therefore, falls under the catch all provision of Fed. R. Civ. P. 60(b)(6).

Under Fed. R. Civ. P. 60(b)(6), a court may grant relief from a judgment for "any other reason justifying relief from the operation of judgment." However, "[a] court may grant relief under 60(b)(6) only under extraordinary circumstances." *Heirs of Guerra v. United States*, 207 F.3d 763, 767 (5th Cir. 2000). The Fifth Circuit requires the movant to show "the initial judgment to have been manifestly unjust." *Edward H. Bohlin Co. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993)(citations omitted). "The broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made." *Id.*

Here, Plaintiffs have not alleged any extraordinary circumstances and have not alleged

---

[2] The court notes that there are no applicable grounds under Rule 60(a), which applies to clerical mistakes, so the only possible grounds for relief would be under Rule 60(b).

that the initial judgment was manifestly unjust. Plaintiffs still have their claim against the manufacturer of the allegedly defective vehicle and the manufacturer of the allegedly defective trailer. There is no hint that these manufacturers do not have the resources to satisfy any judgment.

Plaintiffs only assert that the court did not understand their claim and argument that the subject vehicle was sold without a necessary sway control device. They now seek to introduce new deposition testimony and expert affidavits to support their contention. In the initial ruling, after ample time for argument and submission of evidence, the court determined that there was no reasonable basis to predict that Plaintiffs might be able to establish liability on the pleaded claims in state court, given the legislatively imposed limits of Tex. Civ. Prac. Rem. Code § 82.003(a). Plaintiffs chose not to submit any deposition testimony or expert affidavits to controvert Defendants' evidence. A decision by a party not to submit certain information to controvert evidence presented by an opposing part is not an extraordinary circumstance. It is a tactical decision. The court finds that Plaintiffs have failed to properly allege any grounds for relief under Rule 60.

Additionally, "[m]otions for reconsideration should not be used to raise arguments that could, and should, have been made before the entry of judgment or to re-urge matters that have already been advanced by a party." *Texas Instruments, Inc. v. Hyundai Electronics Industries, Co. Ltd.*, 50 F.Supp.2d 619, 621 (E.D. Tex. 1999)(citations and quotations omitted). Since Plaintiffs' arguments are all arguments that could have been made before the entry of judgment, and there is no showing of any newly discovered evidence, the court does not find any basis to reconsider its previous ruling.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Reconsideration and Relief from Judgment [**Doc. # 52**] is **DENIED**.

So **ORDERED** and **SIGNED** this **28** day of **April, 2006.**

_____
Ron Clark, United States District Judge