IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ROBERT A. LOTT, INDIVIDUALLY, AND § | | |
| VICKI R. LOTT, INDIVIDUALLY, § | | |
| *Plaintiffs*, § | | |
| § | Civil Action No. 9:05-CV-233 | |
| v. § | | |
| § | | |
| DUTCHMEN MANUFACTURING, INC., § | JUDGE RON CLARK | |
| AND FORD MOTOR COMPANY, § | | |
| § | | |
| *Defendants.* § | | |

**ORDER ON DEFENDANT'S MOTION TO STRIKE AND MOTION TO QUASH**

Before the court is Dutchmen Manufacturing, Inc.'s Motion to Strike Plaintiff's Designation of Richard Klein as a Fact Witness and a Motion to Quash his Deposition [Docs. # 164 and 173]. Plaintiffs recently designated Richard Klein as a fact witness in this case and noticed his deposition for September 25, 2006. Richard Klein is a consulting expert for Dutchmen Manufacturing, Inc. ("Dutchmen"). On the record before the court, Plaintiffs have failed to show any exceptional need to depose Dutchmen's consulting expert, and there is no evidence to suggest that Richard Klein has any personal knowledge of the facts in this case. Additionally, Plaintiffs failed to timely disclose Mr. Klein as a fact witness or as an expert witness. The court, therefore, will strike Plaintiff's designation of Richard Klein as a fact witness and will quash his deposition

**I. Factual Background**

Plaintiffs allege that on October 29, 2003 Mr. Lott was driving a 2003 Ford F-250 with his wife as a passenger. Mr. Lott was towing a 31' 2001 Dutchmen travel trailer with a Draw-

Tite hitch in Wyoming. Allegedly, the vehicle and the trailer began to sway back and forth causing Mr. Lott to lose control of the truck and the truck ultimately to roll over. Plaintiffs argue that the Dutchmen trailer was defective and unreasonably dangerous.

## II. Law and Analysis

Under Fed. R. Civ. P. 26(b)(4)(B), an opposing party may discover facts known or opinions held by a consulting expert only "upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." A party seeking disclosure under Rule 26(b)(4)(B) carries a heavy burden. *See Hoover v. U.S. Dept of the Interior*, 611 F.2d 1132, 1142 n. 13 (5th Cir. 1980). This rule, however, does not protect facts which the expert knew of prior to being specially employed for litigation. *In re Shell Oil Refinery*, 134 F.R.D. 148, 150 (E.D. La. 1990).

Dutchmen argues that Mr. Richard Klein has been designated as a consulting witness, and that he has no personal knowledge of this case. Plaintiffs argue that Richard Klein has personal knowledge of historical facts and data related to the travel trailer industry due to his extensive personal involvement within the industry over the past few decades. There is no showing that he is uniquely qualified in this regard.

It is undisputed that Richard Klein is a consulting expert for Dutchmen. There has been no suggestion that Mr. Klein was present at the accident. Knowledge Mr. Klein has acquired since being retained is protected, absent "exceptional circumstances," which have not been shown. Plaintiffs, therefore, have failed to carry their burden to show that discovery of the facts learned by Mr. Klein after being specially retained is warranted.

Plaintiffs also claim that Mr. Klein has personal knowledge of the travel trailer industry in

general, and of prior testing he may have done.  But allowing such a deposition would eviscerate the consulting expert protection of Fed. R. Civ. P. 26(b)(4)(B).  All consulting experts are familiar with the area of scientific or specialized knowledge pertinent to the case for which they were retained.  Most have probably conducted research or testing, or have otherwise worked, in the field.  If not, they would not have been hired as consultants.  There has been no showing of any exceptional circumstances which make it impractical to discover facts or opinions by other means.  Plaintiffs have already identified an expert, Mr. Gilbert.  If his resume is accurate, he has reviewed and is familiar with, most reported testing in the field.  He has already expressed opinions.

Likewise, there is no showing that Mr. Klein was hired as a consulting expert in an underhanded attempt to prevent him from testifying in this case.  Given the fact that Mr. Klein is a consulting expert and that Plaintiffs have failed to show how Mr. Klein could have personal knowledge of any relevant facts to this case prior to being retained by Dutchmen, the court finds that his deposition should not be allowed.

Additionally, under this court's Order Governing Proceedings, the deadline for initial disclosures, which must include the names of all persons having knowledge of facts relevant to the claim or defense of any party, was January 14, 2006.  *See* Doc. # 7.  The evidence before the court shows that Plaintiffs were aware of Mr. Klein's purported factual knowledge of this case at the outset, and yet Plaintiffs did not disclose him until August 17, 2006.  Moreover, the deadline for Plaintiffs to disclose any expert testimony was May 5, 2006.  *See* Doc. # 73.  Because he was not properly disclosed as fact or expert witness, Mr. Klein would not be allowed to testify at trial.  *See* Fed. R. Civ. P. 37(c).  In order to ensure needless costs are not incurred in this case, the court

will not allow the deposition of a witness who would not be allowed to testify at trial.

IT IS THEREFORE ORDERED that Dutchmen Manufacturing, Inc.'s Motion to Strike Plaintiff's Designation of Richard Klein as a Fact Witness and a Motion to Quash his Deposition [**Docs. # 164 and 173**] is **GRANTED**.

So **ORDERED** and **SIGNED** this **19** day of **September, 2006.**

_____
Ron Clark, United States District Judge